IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THOMAS POOLE | ) | CHAPTER 13 CASE |
| MONIQUE POOLE | ) | NUMBER <u>14-50954</u> |
| | ) | |
| Debtors | ) | |
| | ) | |
| | ) | |
| U.S. BANK NATIONAL | ) | |
| ASSOCIATION, as Trustee | ) | |
| under Pooling and Servicing | ) | |
| Agreement dated as of | ) | |
| September 1, 2006 MASTR | ) | |
| Asset-Backed Securities | ) | |
| Trust 2006-NC2 Mortgage | ) | |
| Pass-Through Certificates, | ) | |
| Series 2006-NC2 | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THOMAS POOLE | ) | |
| MONIQUE POOLE | ) | |
| | ) | |
| Respondents | ) | |

**OPINION AND ORDER GRANTING RELIEF FROM STAY AND PERMISSIVELY
ABSTAINING FROM ALL PROCEEDINGS CHALLENGING THE PREPETITION
<u>FORECLOSURE SALE ON DEBTORS' RESIDENCE</u>**

This matter came on for hearing on a motion for relief

from the stay of 11 U.S.C. § 362(a) filed by U.S. Bank National

Association, as Trustee under Pooling and Servicing Agreement

dated as of September 1, 2006 MASTR Asset-Backed Securities Trust 2006-NC2 Mortgage Pass-Through Certificates, Series 2006-NC2 ("U.S. Bank"). (ECF No. 30.)[1] U.S. Bank seeks relief to continue with state court proceedings related to the prepetition foreclosure sale it conducted on property owned by Debtors Thomas and Monique Poole located at 716 E. Franklin St., Douglas, Georgia ("Real Property").

I grant stay relief as to all proceedings in state court related to the foreclosure sale. Additionally, I permissively abstain from all proceedings related to any attempts by Debtors to set aside the foreclosure sale.

## FINDINGS OF FACT

On May 25, 2006, Debtors executed a deed to secure debt ("Security Deed") on the Real Property in favor of New Century Mortgage Corporation. (Ex. A of ECF No. 30, at 9.) Thereafter, U.S. Bank obtained the Security Deed and underlying Note by assignment. (Id.)

On May 6, 2014, following Debtors' default on the underlying Note, U.S. Bank conducted a foreclosure sale pursuant to the Security Deed. (ECF No. 30, at 3.) U.S. Bank submitted the highest bid at the sale and executed a deed under power of sale

---

[1] References to the chapter 13 case docket appear in the following format: (ECF No. ___.)

to convey the Real Property to itself. (Ex. A to ECF No. 30, at 19.) The deed under power of sale was recorded on September 11, 2014. (Id. at 10.)

Thereafter, U.S. Bank filed a dispossessory action for the Real Property in the Magistrate Court of Coffee County, Georgia. (ECF No. 30, at 3.) On November 18, 2014, after a hearing on the matter, the Magistrate Judge entered a judgment granting U.S. Bank a writ of possession for the Real Property ("Eviction Judgment"). (Ex. B to ECF No. 30, at 14.) The Eviction Judgment states that, in accordance with Georgia law, if Debtors wish to appeal the judgment, they must pay past due rent of $375.00 and court costs of $91.00 on the day of appeal, plus $375.00 per month on the first day of every month, beginning on the day of appeal. (Id.)

On November 26, 2014, Debtors appealed the Eviction Judgment ("Appeal").[2] (ECF No. 30, at 3.)

On December 30, 2014, Debtors filed a voluntary chapter 13 bankruptcy petition. (ECF No. 1.) Debtors claim an ownership interest in the Real Property in the bankruptcy schedules filed with the petition. (Sch. A of ECF No. 1, at 11.)

---

[2] The parties disagree about which payments Debtors have made in compliance with the Eviction Judgment. Ms. Poole testified that they have timely made all but one payment, whereas U.S. Bank submitted evidence showing only two payments total had been received by the Magistrate Court. However, it is not necessary to make a factual determination on this question in order to rule on the current motion.

In response to Debtors' bankruptcy petition, U.S. Bank filed a suggestion of bankruptcy in the Appeal. As a result, the Appeal was stayed until further notice.

On May 1, 2015, U.S. Bank filed the current motion requesting relief from stay to proceed with the Appeal.

### CONCLUSIONS OF LAW

The automatic stay imposed by 11 U.S.C. § 362(a) prohibits most actions against the debtor, property of the debtor, and property of the estate. A party may request relief from the stay for cause under 11 U.S.C. § 362(d)(1). Cause under § 362(d)(1) "has no clear definition and is determined on a case-by-case basis." In re Jenkins, No. 03-60548, 2004 WL 768574, at *2 (Bankr. S.D. Ga. Mar. 30, 2004)(citing In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990)).

Cause to lift the automatic stay to permit a dispossessory proceeding exists if the debtor's bankruptcy estate holds no interest in the property at issue. Leggett v. Morgan (In re Morgan), 115 B.R. 399, 401 (Bankr. M.D. Ga. 1990). The issue here is whether Debtors had an interest in the Real Property when they filed for bankruptcy relief. I find that they did not and thus grant relief from the stay.

The bankruptcy estate includes all legal and equitable interests of the debtor in property as of the commencement of the

AO 72A
(Rev. 8/82)

4

case. 11 U.S.C. § 541(a)(1). Federal law determines whether an interest in property is property of the bankruptcy estate, but the nature and existence of the interest is determined by state law. Witko v. Menotte (In re Witko), 374 F.3d 1040, 1043 (11th Cir. 2004).

Under Georgia law, a security deed transfers legal title to the property conveyed to the grantee, leaving the grantor with equitable title including an equitable right of redemption by payment of the debt. See In re Morgan, 115 B.R. at 401. A debtor's equitable right of redemption is property of the bankruptcy estate. Commercial Fed. Mort. Corp. v. Smith (In re Smith), 85 F.3d 1555, 1557-58 (11th Cir. 1996). Whether a debtor's equitable right of redemption was terminated by a foreclosure sale is a question of state law. See Butner v. United States, 440 U.S. 48, 54-55 (1979).

As I have previously ruled, under Georgia law, a debtor's equitable right of redemption is terminated by a foreclosure sale held prior to the commencement of the debtor's bankruptcy case. See In re Davis, No. 97-11093, 1998 WL 34066146, at *2 (Bankr. S.D. Ga. Jan. 21, 1998); In re Grissom, No. 89-1017, 1989 WL 1113450, at *2 (Bankr. S.D. Ga. Dec. 20, 1989)(citing Carrington v. Citizens' Bank of Waynesboro, 85 S.E. 1027, 1028 (Ga. 1915)); see also In re Williams, 393 B.R. 813, 817 (Bankr. M.D. Ga. 2008)(valid foreclosure sale divests all of

the debtor's rights and title in the property); In re Pearson, 75 B.R. 254, 255 (Bankr. N.D. Ga. 1985) (equity of redemption expires when the high bid is received at the foreclosure sale).

While Debtors asserted at hearing that the foreclosure sale was not properly conducted, there is no evidence before the court that the foreclosure sale has been set aside, nor have Debtors instituted any proceeding in the bankruptcy case to do so. See Womack v. Columbus Rentals, 478 S.E.2d 611, 614 (Ga. 1996)(purchaser at foreclosure sale under power of sale in security deed is sole owner of the property until and unless sale is set aside). Accordingly, under Georgia law, Debtors' equity of redemption was terminated and no interest in the Real Property became property of Debtors' bankruptcy estate. See In re Davis, No. 97-11093, 1998 WL 34066146, at *2; Carrington v. Citizens' Bank of Waynesboro, 85 S.E. at 1028. Therefore, cause exists to lift the automatic stay to permit the Appeal to proceed in state court.

Further, state court is the proper forum if Debtors wish to bring suit to set aside the foreclosure sale. See In re Queen, No. 13-57784, 2013 WL 6116864, at *3 (Bankr. N.D. Ga. Nov. 18, 2013)(abstaining from wrongful foreclosure action regarding prepetition foreclosure after analyzing applicable factors regarding permissive abstention).

A bankruptcy court may permissively abstain from hearing a particular proceeding "arising in" or "related to" a case under Title 11. 28 U.S.C. § 1334(c)(1). "The court may abstain upon request of a party or sua sponte." Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992).

In deciding whether to permissively abstain, courts in this district consider the following factors: (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in

the action. Rayonier Wood Prods., LLC v. ScanWare, Inc., 420 B.R. 915, 920 (S.D. Ga. 2009).

Applying these factors, I find that most weigh decisively in favor of abstention.

First, state law issues predominate over bankruptcy issues (Factor 2). While the potential issues Debtors could raise do not appear difficult or unsettled (Factor 3), the outcome of a suit would depend entirely on state foreclosure law.[3] See In re Queen, No. 13-57784, 2013 WL 6116864, at *3 (Bankr. N.D. Ga. Nov. 18, 2013) ("While the Bankruptcy Court can construe the state's foreclosure law, given that it is the only issue in the case, it is best for a state court to construe its law."). The principle of comity also supports referring Debtors' cause of action under state law to the state courts for adjudication (Factor 13).

Second, the outcome of Debtors' cause of action will have minimal effect on the administration of the estate (Factor 1). The outcome is only related to Debtors' bankruptcy case (Factor 6) to the extent that it may alter Debtors' disposable income, potentially requiring a modification to the chapter 13 plan payment. Accordingly, there is no issue regarding the feasibility of severing state law claims from core bankruptcy matters (Factor 8). To the extent necessary, the parties may

---

[3] Debtors indicated at hearing that the crux of their assertion was that U.S. Bank did not provide sufficient notice of the foreclosure sale under O.C.G.A. § 44-14-162.2.

raise any resulting bankruptcy issues following the outcome of a state court proceeding. See In re Scanware, Inc., 411 B.R. 889, 898-99 (Bankr. S.D. Ga. 2009) (abstaining on issues of state law while retaining jurisdiction over enforcement of claims under bankruptcy law).

The remaining factors only minimally influenced my analysis of whether permissive abstention is appropriate. There is no basis for federal jurisdiction outside of 28 U.S.C. § 1334 (Factor 5). The substance compared to the form of the asserted core proceeding is not an issue here (Factor 7). It is unclear at this time whether a jury trial would be warranted and whether the parties would make a demand for one (Factor 11). There is no real effect on this Court's docket (Factor 9). Nor is there any evidence of forum shopping (Factor 10). Further, there are only two parties involved in this proceeding, neither of which is prejudiced (Factor 14), and U.S. Bank is the only non-debtor party involved (Factor 12).

Finally, it is unclear whether there is an ongoing related state court proceeding (Factor 4). The dispossessory proceeding in state court is not a related state court proceeding, because under Georgia law an assertion of a wrongful foreclosure is not a defense to dispossession. See Vines v. LaSalle Bank Nat. Ass'n, 691 S.E.2d 242, 244 (Ga. 2010) (challenge to foreclosure not a defense in dispossessory proceeding but can

AO 72A
(Rev. 8/82)

be brought in separate action). It was unclear from Ms. Poole's testimony whether Debtors had filed a separate complaint for a wrongful foreclosure action in state court. Ms. Poole stated that wrongful foreclosure papers had been filed in addition to the Appeal, but when asked whether the wrongful foreclosure action was part of the Appeal, Ms. Poole responded, "Yes." (Hr'g on Motion May 26, 2015.)

### ORDER

**IT IS THEREFORE ORDERED** that U.S. Bank is granted relief from the stay of 11 U.S.C. § 362(a) with regard to all state court proceedings related to the prepetition foreclosure sale of real property located at 716 E. Franklin St., Douglas, Georgia, and pending eviction proceedings; and

**FURTHER ORDERED** that this Court voluntarily abstains from all proceedings related to any attempts by Debtors to set aside the foreclosure sale conducted by U.S. Bank on May 6, 2014.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 24 day of June, 2015.

AO 72A
(Rev. 8/82)